**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **WILLIAM MCDOWELL, #302-582** | : |
|    Petitioner | : |
|    v. | :    Civil Action No. RWT-06-1402 |
| **WILLIAM WILLIAMS, WARDEN, et al.** | : |
|    Respondents | ..o0o.. |

**MEMORANDUM OPINION**

Pending is a *pro se* 28 U.S.C. §2254 petition for writ of habeas corpus filed by William McDowell, challenging his convictions for second degree murder and use of a handgun in the commission of a crime of violence. Counsel for respondents has filed an answer in opposition with exhibits to which Petitioner has filed a reply.[1]

After careful review of the pleadings, transcripts, and applicable law, the court determines that an evidentiary hearing is not necessary. See 28 U.S.C. 2254(e)(2); Rule 8(a), "Rules Governing Section 2254 Cases in the United States District Courts." For the reasons that follow, the motion for habeas corpus relief is denied.

**Background**

A jury sitting in the Circuit Court for Prince George's County convicted McDowell of second-degree murder and use of a handgun in the commission of a crime of violence in the death of Aaron Brown. On June 20, 2001, the Court sentenced McDowell to fifty years incarceration.

The facts of the case were summarized by the Court of Special Appeals of Maryland as

---

[1] At the time the petition was filed, McDowell was incarcerated in the Maryland House of Correction. Currently, he is an inmate at the Maryland Correctional Training Center where the warden is Paul O'Flaherty. J. Joseph Curran was Attorney General of the State of Maryland when the petition was filed. Douglas Gansler is presently the Attorney General of Maryland. The Clerk will amend the docket accordingly.

follows:

> In the early evening hours of June 30, 2000, Aaron Brown was helping some friends move out of the Walker Mill Apartment complex in Prince George's County. While at the apartment complex, Brown encountered a person he knew as "Abe." "Abe" approached Brown as Brown was standing in the parking lot. The two men began arguing. Annette Lynn Lightner, Brown's mother-in-law, walked over and stood between them. She told Brown to "just let it go." "Abe and Brown then walked away from each other.

Pet. Ex. 13, p. 1-2 . Later that evening, Brown was sitting on his apartment balcony and noticed something outside on the "blacktop" in front of the apartment.[2] He went outside and "Abe" stepped out from around the corner of a building.

> According to several witnesses, "Abe" lifted the front of his shirt to show Brown he was unarmed, then reached behind his back and pulled out a gun. He pointed the gun at Brown and fired. Lightner ran into the apartment from the balcony and called 911. While the events were unfolding, Lightner placed a total of four call to the 911 operator.

*Id.* When the police arrived, they discovered Brown on the ground. He had been shot three times. Several people identified McDowell as "Abe" the shooter. The defense theory was that this was a case of misidentification.

## Procedural Posture

On direct appeal, McDowell, by his counsel, raised one question for review: "Whether the trial court erred in permitting the State to play a highly inflammatory portion of a 911 call made by the victim's mother-in-law shortly after the shooting, the relevance was minimal at best." Pet. Ex.

---

[2] The "black-top" area was described as "a driving area for utility trucks... in the center of like a court of apartments."  Resp. Ex. 5, p. 24.

11, p. 2.[3]  On May 22, 2002, the court affirmed the judgment of conviction.  In its ruling the appellate court determined that McDowell had failed to preserve the argument for appeal because he had failed to perfect a record to show which portion of the 911 tape was played for the jury.[4]

The appellate court held that even if preserved, McDowell's argument lacked merit because the 911 tape was relevant to identification of the assailant, which was a disputed issue in the case, and was not unfairly prejudicial given the manner in which it was admitted by the trial court.  McDowell did not seek review before the Court of Appeals of Maryland.

On March 31, 2003, McDowell filed a petition for post-conviction relief in the Circuit Court for Prince George's County.[5]  As amended, McDowell's petition raised nine claims of ineffective assistance of by his trial counsel for: 1) failing to secure the testimony of Sylvia Walker after indicating in opening argument that Walker would be an alibi witness; 2) failing to move for a motion for judgment of acquittal with sufficient particularity; 3)  failing to object to the prosecution's use of other crimes evidence in its opening statement; 4) failing to admit extrinsic evidence supporting the impeachment of Cherita Nicole Brown; 5) failing to argue that there was

---

[3] The Court of Special Appeals of Maryland reworded the question posed on appeal to read:

> Did the trial court abuse its discretion in permitting the state to publish for the jury a portion of a 911 phone call made by the victim's mother-in-law shortly after the shooting in which she communicated identifying information and a description of the shooter?

Pet. Ex. 13, p. 1.

[4] The appellate court ruled that while the 911 tape was included in the record, the court reporter had not recorded the tape as it was played to the jury (or to the court when it was ruling on admissibility) so there was no means to ascertain exactly what segment of the tape was admitted into evidence. Resp. Ex. 13, p. 7. At the post-conviction hearing, a State witness from the Prince George's County Police Department testified that the 911 tape had been destroyed on or about July 15, 2001, consistent with expungement procedures. Resp. Ex. 21, pp. 4-10. The tape had been destroyed at the time of appeal.

[5] The Petition was initially filed *pro se.* Later, counsel amended the Petition on behalf of McDowell.

insufficient foundation for admission of the 911 tape and the certification letter; 6) failing to request a jury instruction that a witness has no legal, civil, or moral obligation to volunteer exculpatory information to law enforcement; 7) failing to file a motion for new trial based on newly discovered evidence; 8) advising McDowell incorrectly not to testify; and 9) failing to file a timely motion for modification, reduction or review of sentence.

The post-conviction court conducted an evidentiary hearing on September 8, 2004, January 4, 2005, and March 15, 2005. At the September 8, 2004, hearing, the court granted McDowell the right to file belated motions for modification, reduction, and review of sentence. On December 7, 2005, the court denied the remaining claims for post-conviction relief.

McDowell filed an application for leave to appeal the denial of the remaining claims arguing that trial counsel provided ineffective assistance by: 1) failing to secure the testimony of Sylvia Walker after indicating in opening argument that Walker would be an alibi witness; 2) failing to object to the prosecution's use of other crimes evidence in its opening statement; 3) failing to admit extrinsic evidence supporting the impeachment of Cherita Nicole Brown; 4) failing to argue that there was insufficient foundation for admission of the 911 tape; 5) failing to request a jury instruction that a witness has no legal, civil, or moral obligation to volunteer exculpatory information to law enforcement; and 6) failing to file a motion for a new trial based on newly discovered evidence. On May 18, 2006, the Court of Special Appeals summarily denied McDowell's Application for Leave to Appeal.

### Standard of Review

This petition is reviewed under the federal habeas statute, 28 U.S.C. § 2254, which provides a "highly deferential standard for evaluating state-court rulings." Lindh v. Murphy, 521 U.S. 320, 333 n.7. (1997); see also Bell v. Cone, 543 U.S. 447, 455 (2005) (stating habeas court's standard for

evaluating state-court rulings is highly deferential). A federal court may not grant a writ of habeas corpus unless the state court's adjudication on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

In <u>Williams v. Taylor</u>, 529 U.S. 362 (2000), the Court explained that a state court decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." <u>Id.</u> at 412-413. A state court decision is based on an "unreasonable application" of clearly established federal law when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Id.</u> "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." <u>Id</u>. at 409-410. Furthermore, when a state court has made a finding of fact, it is presumed to be correct and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**Analysis**

In his 28 U.S.C. §2254 petition for federal habeas corpus relief, McDowell argues that his trial counsel provided constitutionally ineffective assistance. Specifically, he asserts that trial counsel was ineffective for: 1) failing to secure the testimony of Sylvia Walker after indication in

5

opening argument that Walker would be an abili witness; 2) failing to admit extrinsic evidence supporting the impeachment of Cheritia Nicole Brown; 3) failing to argue that there was insufficient foundation for admission of the 911 tape; and 4) failing to object to the prosecution's use of other crimes evidence in its opening statement.

**Ineffective Assistance**

A criminal defendant's right to effective assistance of counsel is protected by the Sixth Amendment to the United States Constitution. Constitutionally ineffective assistance of counsel claims are governed by standards established in Strickland v Washington, 466 U.S. 668 (1984); see also Bell v. Cone, 535 U.S. 695, 698-99 (2002) (explaining the interplay between *S*trickland and 28 U.S.C. § 2254(d)).

To prevail on a claim of ineffective assistance of counsel, a petitioner must show his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. See Strickland, 466 U.S. at 687. To demonstrate actual prejudice, a petitioner must show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694. According to Strickland, there exists a strong presumption that counsel's conduct was within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance. Id. at 689. Furthermore, a determination need not be made concerning the attorney's performance if it is clear that no prejudice would have resulted had the attorney been deficient. See Id. at 697. A petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101(1955)).

In Bell v.Cone, the Supreme Court explained that in order to successfully bring an ineffective

assistance claim in a § 2254 action a petitioner must:

> ...do more than show that he would have satisfied <u>Strickand's</u> test if his claim were being analyzed in the first instance, because under § 2254 (d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied <u>Strickland</u> incorrectly. See <u>Williams</u>, *supra*. at 411  65  S. Ct. 363. Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner.

535 U.S. at 698-99.  Application of these standards compels the conclusion that McDowell is not entitled to relief.

**Failure to Secure the Testimony of Sylvia Walker**

McDowell faults counsel for failing to secure Sylvia Walker's testimony after he indicated in opening argument that Walker would be an alibi witness.  The state post-conviction court rejected this claim, concluding the decision was a trial tactic and the outcome of the trial would not have been different had Walker testified:

> In the trial counsel's opening statement he told the jury that this was a case of mistaken identity and that the Defendant was in Washington, D.C. at the time of the shooting.  He went on to elaborate that this would be corroborated by Sylvia Walker, whose testimony would place Petitioner on her street in Washington, D.C. at the time of the shooting.  Despite these remarks, trial counsel never called Ms. Walker to testify and never offered an explanation why she would not be testifying. The State's Attorney reminded the jury of this in closing argument.
>
> Under Maryland law, a trial lawyer is not ineffective for failing to call a witness unless it is shown that the witness was available and would have presented useful evidence. Petitioner argues that Ms. Walker was available and was scheduled to testify and that such testimony would have aided Petitioner's defense.  This argument is without merit for two reasons.  The first is that trial counsel stated that he did not call Ms. Walker to testify due to ethical concerns.  He stated that he found Ms. Walker to be less than coherent regarding the information and felt that such a lack of coherence would damage Petitioner's case.  Additionally, trial counsel testified that he overheard Petitioner's mother telling Ms. Walker what to say.  This information led trial counsel to believe that Ms. Walker was being coached and, out of ethical considerations, trial counsel made the decision not to call Ms. Walker.  That tactical decision cannot give rise to a claim of ineffective assistance of counsel.

> The second reason this Court denies post conviction relief on this ground is that Ms. Walker's testimony would not have affected the outcome of this trial. This Court was given the opportunity to hear the testimony of Ms. Walker at the hearing for post conviction relief and did not find Ms. Walker's testimony to be particularly convincing. Additionally, trial counsel called two other alibi witnesses. Charles Woodland and Thomas Eggelston both testified at trial that Petitioner was in Washington, D.C. at the time of the murder. The Petitioner has failed to show he was prejudiced by the tactical decision of his trial counsel. Therefore, this Court finds that the Petitioner is not entitled to post conviction relief on this ground.

Resp. Ex. 22, pp. 4-6 (footnotes omitted).

The post-conviction court's conclusions are objectively reasonable based on the trial record and trial counsel's testimony at the post-conviction hearing. As such, the post-conviction court's findings are deemed presumptively correct, pursuant to 28 U.S.C. §2254(d) and (e). While decisions of counsel are always subject to being second-guessed with the benefit of hindsight, tactical and strategic choices after due consideration do not amount to ineffective assistance of counsel. See Strickland, 466 U.S. at 689; see also Bunch v. Thompson, 949 F. 2d 1354, 1365 (1991). In this case, given counsel's concerns about Ms. Walker's coherence and "coaching" by McDowell's mother, trial counsel's decision was reasonable.

Additionally, McDowell has failed to sustain his burden to demonstrate that he suffered prejudice. At trial, counsel presented two other witnesses who corroborated McDowell's alibi. Although the State noted in closing argument that Walker did not testify, the most damaging evidence to McDowell's case was not Walker's absence, but the ample witness identification testimony presented against him. Several witnesses testified at trial that they actually observed McDowell shoot Aaron Brown. Resp. Ex. 5, pp. 28-31, 90-91; Ex. 6, pp. 9-14, 89-90; Ex. 7, pp. 40-41, 60-63, 89-93. The state court did not unreasonably apply *Strickland* by rejecting this claim and federal habeas relief is not warranted.

**Failure to Admit Extrinsic Evidence to Impeach Cherita Nicole Brown**

McDowell claims that trial counsel provided ineffective assistance by failing to admit extrinsic evidence supporting the impeachment of Cherita Nicole Brown, the wife of the victim, Aaron Brown. The state post-conviction court rejected this claim, stating:

> Cheritia Brown testified at a pretrial hearing that she did not see the face of the man who shot her husband, but later at trial identified the Petitioner as the man who shot her husband. It is Petitioner's assertion that trial counsel's failure to introduce this pre-trial testimony prejudiced his case. This court finds the opposite. Trial counsel did extensively impeach Cherita Brown on this inconsistency during cross-examination. The fact that trial counsel did not admit the pre-trial testimony of Cherita Brown is of little to no value due to her impeachment on cross. Petitioner's claim that trial counsel was ineffective because "he lacked the knowledge as to how to admit the pre-trial hearing testimony" is a bald allegation unsupported by any evidence. Trial counsel's actions were not deficient and would have not affected the outcome of the trial.

Resp. Ex. 22, p. 8 (footnotes omitted).

The state court's decision is well supported by the record. Resp. Ex. 5, pp. 105-112. There is no basis to find the state's adjudication on the merits resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. There is no cause to grant federal habeas relief under 28 U.S.C. § 2254.

**Failure to Argue Insufficient Foundation for Admission of 911 Tapes**

McDowell next complains trial counsel was ineffective for failing to argue that there was an insufficient basis to admit the 911 tape. The post-conviction court denied this claim, stating as follows:

> Petitioner alleges that trial counsel was ineffective in failing to object to the 911 tape on the basis of authenticity and lack of sufficient foundation. Trial counsel initially objected to the introduction of the 911 tapes at trial on the grounds that they

> were not relevant, that they were not excited utterances, and that their prejudicial effect outweighed their probative value.
>
> Petitioner now argues that the tape does not appear to represent a caller in real-time contact with an emergency receiver and had trial counsel argued insufficient foundation, the tape recording would never have been found admissible. Petitioner further alleges that the trial counsel was ineffective in failing to object to the 911 Certification letter on the basis of lack of authenticity. He argues that admission of the Certification letter abridged his Sixth Amendment confrontation right and the only proper method to admit the Certification letter was as a business record, which would have required the author or custodian to properly authenticate the letter. This argument is futile.
>
> This Court finds that the trial counsel's failure to provide such authentication did not constitute ineffective assistance of counsel. Even assuming trial counsel's errors were professionally unreasonable, the result would not have been different. The prosecutor was prepared to provide, and the record was left open to the possibility of, a custodian of record to enter the Certification letter as a business record and/or the tape itself. Trial Counsel's omission may have been a trial tactic, which cannot be deemed deficient.

Resp. Ex. 22, pp. 8-9 (footnotes omitted).

The record shows that the 911 tape was admitted at trial with "a certification of records pertaining to the tape." Resp. Ex. 8, pp. 32-34 & 56-66. The tape was admissible as a business record under the Maryland Rules and was self-authenticating. See Maryland Rule 5-803-(b)(6); Maryland Rule 5-902(a).[6] As the post-conviction court observed, even if there was a basis to object for lack of foundation, it was not unreasonable for counsel to decide, as a matter of trial strategy, not to object because the alleged deficiency could be cured. Additionally, trial counsel actually raised three objections to admitting the 911 tape. The fact that these arguments were unsuccessful does not render counsel's performance deficient. The post-conviction court also found that McDowell had failed to show how counsel's performance actually prejudiced the

---

[6] McDowell does not challenge the admission of the certification of the records. Petition, p. 3.

outcome of trial.

In light of the highly deferential standard for evaluating state-court rulings and the record presented here, the court does not find that the state post-conviction court's decision was contrary to, or involved an unreasonable application of, clearly established federal laws or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See* 28 U.S.C. § 2254(d). The post-conviction court's decision was neither contrary to nor involved an unreasonable application of <u>Strickland</u>. There is no cause to grant federal habeas corpus relief.

**Failure to Object to Use of Other Crimes Evidence**

During opening statement, the prosecutor said the victim, Aaron Brown, was occasionally involved in automobile theft. "And with Abe and with another person whose name is going to come up, Gary Johnson, they would steal cars and trade them off." Resp. Ex. 3 at 234. McDowell asserts here that trial counsel was deficient for failing to object to the prosecution's use of other crimes evidence in its opening statement. The state post-conviction court rejected this claim, ruling:

> In the State's Attorney's opening statement, he mentioned to the jury that the Petitioner had at one time or another been involved in car thefts with a man named Gary Johnson. Petitioner argues that Maryland rule 5-404 prohibits the use of evidence of other crimes, wrongs, or acts to prove character of the person in order to show guilt of the crimes charged unless such evidence is offered for proof of motive, opportunity, intent, preparation, common scheme or identity. Petitioner alleges that the trial counsel's failure to request a curative instruction prejudiced the Petitioner and adversely affected the outcome of the trial.
>
> While the trial counsel did not object during the State's opening argument concerning the Petitioner [sic] involvement in car theft, the Petitioner was not prejudiced by trial counsel's failure to ask for curative instruction. The trial judge gave the customary instructions to the jury, stating that the opening and closing statements are not evidence and are not to be considered in deliberations. The only

>    evidence of prior bad acts that came in during trial concerned Gary Johnson and
>    made no mention of Petitioner's involvement in any car thefts. Asking for a special
>    instruction would only highlight the convictions and the Court finds that it was a
>    strategic decision.

Resp. Ex. 22, p. 7 (footnotes omitted).

A review of the trial transcript shows that this statement was made to explain how McDowell knew the victim, not to show his propensity to commit crime. Resp. Ex. 3, pp. 234-235. The state post-conviction court's adjudication is neither contrary to nor involved an unreasonable application of clearly established federal law, and did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. See 28 U.S.C. § 2254(d). Further, McDowell has not shown a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland,* 466 U.S. at 694. There is no basis here to for federal habeas corpus relief.

## Conclusion

For these reasons, the Court finds no basis to award relief under 28 U.S.C. §2254. An Order consistent with this Memorandum Opinion follows.


July 31, 2007                                         /s/
Date                                          Roger W. Titus
                                              United States District Judge